```
                                              FILED
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ALABAMA
                SOUTHERN DIVISION
                                          00 MAY -3 AM 9: 10

                                          U.S. DISTRICT COURT
JOANN JORDAN,                 )            N.D. OF ALABAMA
                              )
     Plaintiff,               )
                              )     Civil Action No.  ENTERED
v.                            )
                              )     99-AR-1078-S      MAY - 3 2000
REGIONS BANK,                 )
                              )
     Defendant.               )
```

## MEMORANDUM OPINION

Before the court is defendant's motion for summary judgment. Plaintiff, JoAnn Jordan ("Jordan"), who is black, claims that her employer, defendant, Regions Bank ("Regions"), engaged in racial discrimination in violation of Title VII and 42 U.S.C. § 1981 when it failed to promote her to the position of Corporate Trust Officer II and to several Personal Trust Officer positions. Jordan's original complaint claimed that Regions discriminated against her in wages, transfer opportunity, job assignment, and working conditions, as well as that it failed to give her promotions to which she was entitled. Possibly because of Rule 11, F.R.Civ.P., Jordan has abandoned all of the claims, except for the promotion claims, and now she concedes that Regions is entitled to summary judgment as to the Personal Trust Officer positions because it did, in fact, post those job openings and Jordan failed to apply for

them.  For these reasons, the court will grant Regions' motion as to all claims except the single claim relating to the Corporate Trust Officer II position.

Although Regions argues that Jordan cannot establish her prima facie case for the Corporate Trust Officer II position because she was not "qualified" for that position, Jordan's entire argument is that the requirements for the job were changed so that she **could not** meet them.  The Supreme Court has repeatedly noted that the facts of every Title VII case are unique and that, as a result, the <u>McDonnell Douglas</u> framework must be adjusted to fit the particular facts of a given case.  <u>See, e.g.</u>, <u>Furnco Constr. Corp. v. Waters</u>, 438 U.S. 567, 576-577, 98 S.Ct. 2943, 2949 (1978)  and <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 n. 13 (1973).  In light of that principle, the court finds that Jordan has demonstrated that there are disputed issues of material fact with respect to whether she can establish her prima facie case and whether Regions' proffered legitimate non-discriminatory reason for its employment decision as to the Corporate Trust Officer II position is pretextual.  Any other arguments that Regions wishes to make regarding the court's finding may be addressed at the appropriate time by a Rule 50 motion.

## Conclusion

A separate and appropriate order will be entered.

DONE this 3rd day of May, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE